[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12287

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-21682 CV-MGC

UNITED STATES POSTAL SERVICE,

Plaintiff-Counter-
Defendant-Appellee,

versus

AMERICAN POSTAL WORKERS UNION,
Miami Area Local (MAL),

Defendant-Cross-Claimant-
Counter-Claimant-Cross-
Defendant,

ONE SEVEN TWO HOLDING ASSOCIATION, INC.,
("172"),

Defendant-Cross-Claimant-
Cross-Defendant-Counter-
Claimant-Cross-Defendant,

UNITED NATIONAL LEARNING ACADEMY, INC.,
("UNLA"),

Defendant-Cross-Claimant-
Counter-Claimant-Cross-
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(March 3, 2010)

Before DUBINA, Chief Judge, FAY, Circuit Judge, and EDENFIELD,[*] District
Judge.

PER CURIAM:

The United National Learning Academy ("UNLA") appeals the district

court's entry of summary judgment in favor of the United States Postal Service on

the Postal Service's claim for ejectment.

We review a district court's grant of summary judgment *de novo*. *Midrash*

*Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1222–23 (11th Cir. 2004).

Summary judgment is appropriate where there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. *Id.* at

1223 (quoting Fed. R. Civ. P. 56(c)).

The United States Postal Service owns property at 2194 N.W. 72nd Avenue,

Miami, Florida. The Postal Service entered into a ground lease with the American

Postal Workers Union, Miami Area Local ("the Union") for a portion of the

---

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of
Georgia, sitting by designation.

property. The Union constructed a day care facility on the property and subsequently entered into a lease managing agreement with UNLA whereby UNLA would operate the day care facility.

In granting the Postal Service's motion for summary judgment, the district court found that the Union's assignment of the ground lease to UNLA was unenforceable due to Florida's Statute of Frauds, Fla. Stat. § 725.01 (2003). The district court reasoned that there was no contractual relationship between the Postal Service and UNLA, and, therefore, the Postal Service's termination of the ground lease was valid.

The Postal Service makes several arguments in this appeal; however, to avoid the thorny questions presented by the application of the Florida Statute of Frauds to the facts of this case, we agree with the Postal Service's argument that the assignment here was invalid under Florida Statute § 689.01,[1] which requires

---

[1]Fla. Stat. § 689.01 provides:

No estate or interest of freehold, or for a term of more than 1 year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than 1 year, or by the party's thereunto lawfully authorized agent, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of more than 1 year, or any uncertain interest of, in, to or out of any messuages, lands, tenements or hereditaments, shall be assigned or surrendered unless it be by instrument signed in the presence of two subscribing witnesses by the party so assigning or

3

that a transfer of leasehold interest in land for a period longer than one year must be in writing and signed by the party transferring the interest in the presence of two witnesses.  Here, because the parties did not comply with § 689.01, there was no transfer of interest in the property.  *See generally Skylake Ins. Agency, Inc. v. NMB Plaza, LLC*, 23 So. 3d 175 (Fla. Dist. Ct. App. 2009).  Accordingly, we affirm the district court's grant of summary judgment on the basis that there was no valid assignment of the ground lease.[2]

> **AFFIRMED.**

surrendering, or by the party's agent thereunto lawfully authorized, or by the act and operation of law.

[2]Although this was not the basis of the district court's grant of summary judgment, under our precedents, we are permitted to affirm a district court for any valid basis.  *See Green v. Jefferson County Comm'n.*, 563 F.3d 1243, 1249 (11th Cir. 2009) (quoting *Cuddeback v. Fla. Bd. Of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004), *cert. denied*, 130 S. Ct. 199 (2009).